People v Cabrera (2025 NY Slip Op 03869)

People v Cabrera

2025 NY Slip Op 03869

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 1407/21|Appeal No. 4634|Case No. 2022-05759|

[*1]The People of the State of New York, Respondent,
v
Lisandro Cabrera, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Naita A. Semaj, J.), rendered December 7, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to a jail term of six months, with five years of probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim (see e.g. People v Jackson, 225 AD3d 547, 548 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]). In any event, we perceive no basis for reducing the sentence.
Defendant's valid waiver of his right to appeal likewise forecloses review of his Second Amendment challenge (see People v Johnson, 225 AD3d 453, 543 [1st Dept 2024], lv granted 43 NY3d 939 [2024]). In any event, his claim is unpreserved, and we decline to review it in the interest of justice (see People v Cabrera, 41 NY3d 35 [2023]). As an alternative holding, we find that on the present record, defendant has failed to establish that he has standing to challenge Penal Law § 265.01-b(1), or that the statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see e.g. People v Khan, 225 AD3d 552, 552 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]; Jackson, 225 AD3d at 548; Johnson, 225 AD3d at 453, 455).
Defendant's contention that his counsel rendered ineffective assistance in failing to raise his Second Amendment challenge is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Gomez, 186 AD3d 422, 423-424 [1st Dept 2020]; see also Khan, 225 AD3d at 552-553). In any event, an attorney is not ineffective for failing to pursue a course of action that has "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025